IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL DAVID EGLI,<br><br>      Plaintiff,<br><br>v.<br><br>U.S.D.C. DISTRICT OF UTAH dba TRINA A. HIGGINS; KARIN FOJTIK; and U.S. ATTORNEY GENERAL dba MERRICK B. GARLAND,<br><br>      Defendants. | **MEMORADUM DECISION AND ORDER DISMISSING CASE**<br><br>Case No. 2:23-cv-00551-RJS<br><br>Chief Judge Robert J. Shelby |

      Plaintiff Daniel David Egli initiated this action against Defendants Karin Fojtik, U.S.D.C. District of Utah dba Trina A. Higgins, and U.S. Attorney General dba Merrick B. Garland.[1] For the reasons provided below, the case is DISMISSED.

## BACKGROUND & PROCEDURAL HISTORY

      In June 2022, a federal Grand Jury in the District of Utah indicted Egli for one count of possessing child pornography.[2] Fojtik was the Assistant United States Attorney who signed the Indictment, and Higgins is the United States Attorney for the District of Utah.[3] That case is still ongoing, and a trial has been set for March 2024.[4] In August 2023, Egli filed the present action against Defendants.[5] He is representing himself.[6]

---

[1] ECF 1, *Complaint*.

[2] *United States v. Egli*, No. 2:22-cr-00210-TC (D. Utah June 8, 2022), ECF 1 (*Indictment*).

[3] *Id.* at 2.

[4] *Id.* (Aug. 23, 2023), ECF 42 (*Order to Continue Jury Trial*).

[5] *Complaint*.

[6] *Id.* at 1, 6.

1

Although much of the Complaint is unintelligible, it is apparent Egli is arguing the court in his ongoing criminal case lacks subject matter jurisdiction.[7] For example, the Complaint's cover page states, "RE: 2:22-cr-00210," which is the number assigned to his criminal case.[8] Egli cites that case number throughout his Complaint.[9] Moreover, the Complaint has three sections devoted to subject matter jurisdiction,[10] and he repeatedly reminds the court that the party asserting federal jurisdiction bears the burden of establishing it.[11] He also requests Defendants "state what jurisdiction the statutory agency [they] represent has over this common-law constitutional entity."[12]

Notably, Egli's Complaint uses quasi-judicial language and arguments common in the sovereign-citizen movement.[13] For example, he argues "Judges" and "Clerks of Court" have not taken oaths of office, demonstrating "that said legal system is operating as a commercial court system."[14] He also denies "that the following corporations exist[:] U.S.D.C. District of Utah[,] Salt Lake City[,] THE STATE OF Utah/UNITED STATES OF AMERICA."[15]

---

[7] *See id.* at 1, 12–17, 32.  Egli has twice pled guilty to possessing child pornography.  *Egli v. Fojtik*, No. 2:22-cv-102, 2023 WL 5000947, at *1 (D. Utah Aug. 4, 2023), *appeal filed* (Sept. 12, 2023).  He challenged the indictments and judgments in both those cases, arguing the court lacked jurisdiction.  *Id.*  The case was dismissed for failure to state a claim.  *Id.*  Although Egli now challenges a different criminal case, his arguments are similar.  *See id.*

[8] *Complaint* at 1.

[9] *E.g. id.* at 12.

[10] *Id.* at 12–17, 32.

[11] *Id.* at 12, 14, 17, 19, 32.

[12] *Id.* at 16.  Egli uses the phrase "common-law constitutional entity" to refer to himself.  *See id.*

[13] Generally, members of this movement believe government entities are "foreign corporations" and thus lack jurisdiction over "sovereign citizens."  *See Peck v. Dep't of Hous. & Urb. Dev.*, No. 2:20-cv-00321-RJS-CMR, 2020 WL 8461576, at *3 (D. Utah Dec. 17, 2020), *report & recommendation adopted*, 2021 WL 100506 (D. Utah Jan. 12, 2021).  The court is not concluding Egli is a "sovereign citizen."  It makes the analogy merely to provide context for his language and arguments.

[14] *Complaint* at 7; *see also id.* at 8 ("Therein, a court is a 'Privately Owned Trading Company' operating as a bank to settle controversies, causes of action, and orders distribution of proceeds for settlement." (emphasis omitted)).

[15] *Id.* at 11.

Egli relatedly contends the "State" is a "Legal Fiction" and declares himself a "'stateless person' . . . outside any/all general jurisdiction of the federal government."[16] He insists the "courts have no jurisdiction over a living man/woman."[17]

He further contends "DANIEL DAVID ENGLI" is a "Corporate fiction . . . now owned by the Secured Party Daniel David Egli Trust."[18] He purports to appoint Defendants as "Co-Trustee(s) to settle and close the matter of any and all bonds, warrants, securities, hypothecations and related instruments, (hereinafter Accounts/Cases) to date of inception, zeroing the account."[19] He also discusses public official bonds.[20]

Egli asserts six causes of action.[21] Four are based on the United States Criminal Code—18 U.S.C. §§ 872, 1002, 1018, and 1621.[22] Egli also cites "Title 18 § 1101(a)(2)," but he then quotes the definition of "advocates" from 8 U.S.C. § 1101(a)(2).[23] The final claim is for an alleged violation of 42 U.S.C. § 1986.[24] Egli seeks $250,000 in damages for each claim, totaling $1.5 million.[25]

## LEGAL STANDARD

Under Rule 12 of the Federal Rules of Civil Procedure, a complaint must "state a claim

---

[16] *Id.* at 10.

[17] *Id.* at 26.

[18] *Id.* at 10; *see also id.* at 11 (stating he is the "Holder-In-Due-Course" and "Trademark Copyright Owner" of the entity "known as Daniel David Egli ©").

[19] *Id.* at 24; *see also id.* at 25–28 (discussing "fiduciary trusteeship").

[20] *Id.* at 21–24. Surety bonds are prohibited for "employee[s] of the United States government in carrying out official duties." 31 U.S.C. § 9302.

[21] *Complaint* at 30–32.

[22] *Id.* at 30–31.

[23] *Id.* at 30.

[24] *Id.* at 31–32.

[25] *Id.* at 30–32.

3

upon which relief can be granted."[26]  "Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure."[27]  Moreover, courts may sua sponte dismiss an action for failure to state a claim.[28]  But they should do so only "when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile."[29]

Because Egli is representing himself, the court construes his Complaint liberally.[30]  However, he must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.[31]

## ANALYSIS

The court will first address Egli's claims based on criminal statutes, then his claim based on 42 U.S.C. § 1986, and finally his jurisdiction arguments.  The court concludes Egli fails to state a claim upon which relief could be granted and amendment would be futile.

First, Egli seeks $1 million for alleged violations of several federal criminal statutes.[32]  But "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[33]  Even if the court assumed Defendants violated the statutes in a way that harmed Egli, he would have a private right of action only if Congress intended to create one.[34]  Egli did not identify a private right of action, and the court concludes there are none under the facts

---

[26] Fed. R. Civ. P. 12(b)(6).

[27] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007); *see also* Fed. R. Civ. P. 41(b).

[28] *McKinney v. Okla. Dep't of Hum. Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).

[29] *Id.* (quotation simplified).

[30] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

[31] *Id.*

[32] *Complaint* at 30–31 (citing 18 U.S.C. §§ 872, 1002, 1018, 1621).

[33] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

[34] *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979).

alleged.[35] Thus, Egli's first, second, fourth, and fifth causes of action fail to state a claim upon which relief could be granted.

Egli also bases a claim on "Title 18 § 1101(a)(2)."[36] Title 18 does not currently include a section 1101, and in support of this claim Egli quotes the definition of "advocates" from 8 U.S.C. § 1101(a)(2).[37] Because a definition does not create a cause action,[38] Egli's third cause of action fails to state a claim and would not benefit from amendment.

Second, Egli asserts a claim under 42 U.S.C. § 1986.[39] This statute creates an action for neglecting to prevent a conspiracy.[40] "[T]here can be no valid claim under § 1986 of neglect to prevent a known conspiracy[] in the absence of a conspiracy under § 1985."[41] Egli has not asserted a § 1985 claim, nor has he alleged facts showing any of the conspiracies identified in § 1985.[42] For example, he has not alleged Defendants conspired to deprive him "of equal protection or equal privileges and immunities," as required to show a § 1985(3) conspiracy.[43] For these reasons, Egli's sixth cause of action fails to state a claim.

Finally, the court addresses Egli's subject matter jurisdiction arguments, which are the

---

[35] *See* 18 U.S.C. §§ 872, 1002, 1018, 1621; *see also Etheredge v. Kansas*, No. 23-2333-JAR-ADM, 2023 WL 5351163, at *2 (D. Kan. Aug. 21, 2023) (concluding 18 U.S.C. § 1018 did "not give rise to a private right of action under any facts alleged"); *Egli*, 2023 WL 5000947, at *3 (declining to find a private right of action when Egli did not identify one).

[36] *Complaint* at 30.

[37] *Id.*

[38] *See Ortiz v. Perry*, No. 17-cv-489-JHP-JFJ, 2018 WL 10127035, at *3 n.3 (N.D. Okla. May 11, 2018) (stating "a federal definition [] does not create a cause of action").

[39] *Complaint* at 31–32.

[40] 42 U.S.C. § 1986.

[41] *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984).

[42] *See* 42 U.S.C. § 1985 (identifying actionable conspiracies).

[43] *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (listing elements of a § 1985(3) claim). The other actionable conspiracies are "Preventing officer from performing duties" and "Obstructing justice; intimidating party, witness, or juror." 42 U.S.C. § 1985(1)–(2). As explained above, Egli does not plead facts relevant to these subsections.

basis for his asserted claims.[44] Egli is using this civil suit to challenge subject matter jurisdiction in his criminal case.[45] However, he does not explain why he cannot challenge jurisdiction in the criminal case itself.[46] Nor does he explain what authority permits this court to insert itself into an ongoing federal criminal case.[47] He does cite 15 U.S.C. § 1122,[48] which waives sovereign immunity in certain trademark disputes.[49] But Egli does not plead facts suggesting a trademark violation.[50] Moreover, Egli's jurisdiction arguments rest on his contention that courts cannot exercise subject matter jurisdiction over him because they are corporations.[51] Courts have repeatedly held this argument is without any basis in law.[52] Accordingly, amendment would be futile because the core of Egli's Complaint is a theory that has no legal support.[53]

---

[44] *See Complaint* at 12–17, 32.

[45] *See id.* at 12 ("The Defendant of any/all previous Cause(s); 2:22-cr-00210; Daniel David Egli ©, believes 'any/all Cause(s) should be answered for the record of lack of subject matter jurisdiction because the Prosecutor(s) Karin M. Fojtik; Trina A. Higgins; complaint fails to allege facts sufficient to show that the Court had subject matter jurisdiction.").

[46] *See id.* at 12–17, 32.

[47] *See id.*

[48] *Id.* at 15–16, 20–21.

[49] *See* 15 U.S.C. § 1122(a)–(b).

[50] *See Complaint*. Presumably, 15 U.S.C. § 1122 relates to Egli's argument that he is the "Trademark Copyright Owner" of "Daniel David Egli ©." *Id.* at 11. There is no support in law for this argument. *See United States v. Griffith*, 928 F.3d 855, 865 (10th Cir. 2019) (holding a similar argument was "frivolous"). Egli also argues the "*Accardi* doctrine" provides him a remedy. *Complaint* at 18. Under this doctrine, federal administrative agencies must follow their "existing valid regulations." *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Egli has not pled facts relevant to an *Accardi* claim. *See Complaint*.

[51] *Complaint* at 10–11, 25–26.

[52] *See, e.g.*, *Griffith*, 928 F.3d at 865 (rejecting similar arguments as frivolous); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (unpublished) ("[A]n individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts has no conceivable validity in American law." (quotation simplified)); *United States v. Sellors*, 572 F. App'x 628, 632 (10th Cir. 2014) (unpublished) (identifying similar arguments as "patently frivolous"); *see also* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

[53] Egli also argues the "existence of a contract between the presiding Judge and any other branch of the STATE/Federal government, or any of its agencies, assigns, or instrumentalities, is evidence of a conflict of interest and proof of a dependent and biased judiciary." *Complaint* at 13; *see also id.* at 18 (making similar argument). This is nothing more than a continuation of Egli's argument that the government is a corporation. Accordingly, the court does not consider it further.

## CONCLUSION

For the reasons stated, the Complaint[54] fails to state a claim upon which relief could be granted, and the case is dismissed because amendment would be futile. The Clerk of Court is directed to close the case.

SO ORDERED this 4th day of October 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[54] ECF 1.